IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JOE R. BRAWLEY,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. **05-911-JPG** |
| ) | |
| **U. S. BANK, N.A.,** ) | |
| ) | |
| Defendant. ) | |

<u>**ORDER**</u>

**PROUD, Magistrate Judge:**

Before the court are plaintiff's Order to Direct **(Doc. 42)** and Order Request **(Doc. 44)**, which the court construes as motions to compel.

In **Doc. 42**, plaintiff requests the assistance of the court in obtaining documents, consisting of copies of e-mails, from the Federal Trade Commission. Plaintiff states that he requested the copies, but that a representative of the FTC informed him in a telephone call that he would have to make a request under the Freedom of Information Act.

It does not appear that plaintiff served a subpoena for the production of the documents on the FTC. There is nothing for the court to enforce or order compliance with.

**Doc. 44** concerns plaintiff's attempts to have employees of defendant fill out "witness statements." Plaintiff drafted three such statements, which consist of a series of questions to be answered by the individual employees. Upon learning that plaintiff had delivered these questions to the bank's employees, defendant's attorney notified plaintiff by letter dated November 27, 2006, that defendant objected to this direct contact with its employees. The attorney then recast the "witness statements" into interrogatories, and provided the answers of defendant to the questions. See, exhibits attached to defendant's response, **Doc. 49.**

Plaintiff protests that defendant's attorneys have acted improperly and have tried to deny him "the right to question these witnesses in any manner." On the contrary, the court perceives that defendant's attorney has tried to assist the pro se plaintiff in the discovery process. Plaintiff does not have the right to insist that defendant's employees complete his questionnaires.

The discovery process is governed by the Federal Rules of Civil Procedure. Plaintiff can take the depositions of defendant's employees upon written questions pursuant to Rule 31, but he must comply with the requirements of that Rule; notably, he must serve a copy of the questions on defendant and the testimony must be taken by an officer authorized to administer oaths, such as a court reporter.

Plaintiff may also take the depositions of the witnesses upon oral questions, pursuant to Rule 30. The court notes that plaintiff has been deposed by defendant, and that defendant's attorney furnished plaintiff with the contact information for a court reporter.

In short, plaintiff has no right to force defendant's employees to answer his written questions as presented by him. He may obtain the witnesses' testimony as described above.

Upon consideration and for good cause shown, plaintiff's motions to compel **(Docs. 42 and 44)** are **DENIED.**

**IT IS SO ORDERED.**

**DATE:  January 3, 2007.**

s/ Clifford J. Proud
**CLIFFORD J. PROUD**
**UNITED STATES MAGISTRATE JUDGE**
