IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOE R. BRAWLEY, | ) |
| | ) |
|     Plaintiff, | ) |
| | )   Case No. 05-911-JPG |
| v. | ) |
| | ) |
| U.S. BANK, N.A., | ) |
| | ) |
|     Defendant. | ) |

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

Before the Court is Plaintiff's amended complaint (Doc. 59). Upon review, plaintiff's amended complaint would be futile. As with the original complaint, as shown below, defendant is entitled to summary judgment on plaintiff's claims. Accordingly, plaintiff's amended complaint (Doc. 59) is **STRICKEN.** *See Figgie International, Inc. v. Miller*, 966 F.2d 1178, 1180-81 (7th Cir. 1992) (district court may deny leave to amend when amendment of complaint would be futile).

Also before the Court is defendant's motion for summary judgment (Doc. 37). Plaintiff has filed a response (Doc. 43). This motion is discussed below.

**I.      Background.**

The following facts are undisputed. On November 24, 2004, plaintiff was the payee on a counterfeit check for $60,800 and he deposited into a bank account that he had with defendant. (Doc. 38, Exh. A, pp. 127-128). Plaintiff had received the $60,800 check as a result of his communications with "Barrister Williams," and "John King, PhD," two individuals whom plaintiff suspected were involved in internet crime. (Doc. 38, Exh. A, pp. 116-121). Prior to depositing the check, plaintiff suspected that the check was counterfeit. (Doc. 38, Exh. A, pp. 214-215).

As a result of plaintiff's deposit of the check, the check was indeed discovered to be counterfeit. Defendant closed the three bank accounts that plaintiff had with defendant, and remitted plaintiff his account balances. (Doc. 38, Exh. A, pp. 133-134). Defendant also reported plaintiff's deposit of a counterfeit check to a consumer reporting agency called ChexSystems. (Doc. 38, Exh. C, ¶ 1). Specifically, defendant reported plaintiff's deposit of a counterfeit check as a transaction involving "items with irregular signature/endorsement." (Doc. 38, Exh. E, ¶ 9).

After defendant closed plaintiff's bank accounts, plaintiff attempted to open an account with Union Planters Bank. Plaintiff attempted to deposit an $80,000 check that he had received from "Peter Pan," and that he suspected was also counterfeit. (Doc. 38, Exh. A, pp. 141-142). Because Union Planters Bank had received a ChexSystems report that plaintiff had engaged in an irregular transaction, Union Planters denied plaintiff's request to open a bank account. (Doc. 38, Exh. G).

Plaintiff admits that defendant had the right to close his bank accounts. (Doc. 38, Exh. A, p. 196). He claims, however, that defendant's employee, Jackie Bien, told him to go ahead and deposit the $60,800 check, and if it was counterfeit, all defendant would do was charge him a $25.00 processing fee. Because defendant reported plaintiff's deposit as an irregular transaction to a credit reporting agency, plaintiff claims that he has suffered financial losses and damages to his reputation.

Plaintiff has sued defendant under the Illinois Consumer Fraud and Deceptive Practices Act (Count I), and for: Libel, (Count II), Punitive Damages, (Count III), and Negligent Misrepresentation (Count IV). Plaintiff originally filed suit in St. Clair County, and defendant has removed this action based on diversity of citizenship and an amount in controversy over $75,000. Plaintiff seeks in excess of $50,000 on each Count, plus costs and other relief as the Court deems proper.[1]

---

[1] Note that Illinois courts have abandoned the distinction between slander and libel, and apply the same rules to a defamatory statement whether it was written or oral. *See Bryson v. News America Publications, Inc.*, 672 N.E.2d 1207, 1215 (1996) (*citations omitted*). As such, for simplicity purposes, this Court refers to plaintiff's libel claim as one for defamation.

**II.     Summary Judgment Standard.**

Summary judgment may be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). In considering a summary judgment motion, a court must review the entire record and draw all reasonable inferences in the light most favorable to the non-moving party. *Schneiker v. Fortis Ins. Co.*, 200 F.3d 1055, 1057 (7th Cir. 2000); *Baron v. City of Highland Park,* 195 F.3d 333, 337-38 (7th Cir. 1999). In evaluating a motion for summary judgment, "[t]he court has one task and one task only: to decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial." *Waldridge v. American Hoechst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994).

**III.    Discussion.**

Plaintiff's consumer fraud claim cannot survive summary judgment. To recover under the Illinois Consumer Fraud and Deceptive Practices Act, plaintiff must show: "(1) a deceptive act or unfair practice by defendant, (2) an intent that plaintiff rely on the deception, (3) the deception occurred in the course of conduct involving trade or commerce, and (4) the consumer fraud proximately caused plaintiff's injury." *Cruthis v. Firstar Bank*, 822 N.E.2d 454, 465 (Ill. App. 5th Dist. 2005). Here, plaintiff's consumer fraud claim is based on Ms. Bien's alleged misrepresentation that if the check were returned as counterfeit, defendant would take no other action than to charge a $25.00 processing fee. Courts have routinely found, however, that such claims are nothing more than a breach of contract action and are not cognizable under the Consumer Fraud Act. *See e.g., Skyline International Development v. Citibank, F.S.B.*, 706 N.E.2d 942, 946 (Ill.App. 1st Dist. 1998) (Consumer Fraud Act does not reach bank's isolated misstatement that it could cancel a wire transfer); *Crowe v. Joliet Dodge*, No. 00 C 8131,

2001 WL 811655, at *7 (N.D. Ill. Jul. 18, 2001) (Consumer Fraud Act does not recognize claim that defendant caused derogatory information to be placed on plaintiff's credit report because it was "merely a breach of contract action"); *Bankier v. First Fed. Savings & Loan Association of Champaign*, 588 N.E.2d 391, 396-98 (Ill. App. Ct. 4th Dist. 1992) (Consumer Fraud Act does not apply to a claim that a bank made false representations concerning pre-payment penalties). Accordingly, defendant is entitled to summary judgment on plaintiff's claim under the Illinois Consumer Fraud and Deceptive Practices Act.

Plaintiff's libel claim also cannot survive summary judgment, for several reasons. First, plaintiff is disputing defendant's practice of reporting an irregular transaction to a credit reporting agency, (i.e., ChexSytems). As such, plaintiff's libel claim is preempted by the Fair Credit Reporting Act.

The Fair Credit Reporting Act, (FRCA), states that:

> Except as provided in sections 1681n and 1681o . . . no consumer may bring any action or proceeding in the nature of *defamation*, . . . or *negligence* with respect to the reporting of information against . . . *any person who furnishes information to a consumer reporting agency*, based on information disclosed pursuant to section 1681g, 1681h, or 1681m . . . *except as to false information furnished with malice or willful intent to injure such consumer*.

*15 U.S.C. § 1681h (emphasis added).*

In other words, this section provides immunity from common law defamation to entities who furnish information to consumer reporting agencies, *except* if the information was false and was furnished with malice or willful intent to injure. *See e.g., Benson v. Trans Union, LLC*, 387 F.Supp.2d 834, 844 (N.D. Ill. 2005); *Schaffner v. U.S. Bank, N.A.*, No. 02 C 8062, 2004 WL 783352, at *2 (N.D. Ill. Jan. 20, 2004); *Zahran v. Trans Union Corp.*, No.01 C 1700, 2003 WL 1733561, at *9 (N.D. Ill. Mar. 31, 2003). The information that defendant disclosed was pursuant to § 1681g and § 1681m because it was information that was disclosed by a consumer reporting agency to plaintiff, (15 U.S.C.

§ 1681g), and it was information that led to "adverse action against the consumer." (15 U.S.C. § 1681m). Here, it is undisputed that the information that defendant disclosed to ChexSystems was true. Indeed, plaintiff has admitted that he did in fact deposit a counterfeit check into his bank account with defendant, *and* that he suspected it was counterfeit when he deposited it. (Doc. 38, Exh. A, pp. 127-132). Plaintiff has offered no evidence to suggest that defendant's statement was false, or that it was made with malice or a willful intent to injure him. As such, plaintiff's libel claim is preempted by the Fair Credit Reporting Act. *See also Stavros v. Marrese*, 753 N.E.2d 1013, 1017 (Ill.App.Ct. 1st Dist. 2001) (*citations omitted*) (*emphasis added*) ("To make out a claim of defamation, a plaintiff must set forth sufficient facts to show that the defendant made a *false* statement concerning plaintiff, that there was an unprivileged publication of the defamatory statement to a third party by defendant, and that plaintiff was damaged."). Finally, plaintiff's libel claim fails because defendant's statement to ChexSystems was protected by conditional privilege. *See Restatement (Second) of Torts, § 594* (1977) (publication of a statement will be conditionally privileged if, "the circumstances include a correct or reasonable belief that (a) there is information that affects a sufficiently important interest of the publisher, and (b) the recipient's knowledge of the defamatory matter will be of service in the lawful protection of the interest."). Here, it is clear that defendant had a important pecuniary interest in protecting itself and its customers, and that ChexSystems' knowledge of the transaction would be in service of lawful protection of that interest. (Doc. 38, Exh. E, at ¶ 10). For all of these reasons, plaintiff's libel claim must fail.

Lastly, plaintiff's negligent misrepresentation claim also fails. As with his libel claim, plaintiff's negligent misrepresentation claim is preempted by the Fair Credit Reporting Act. *See 15 U.S.C. § 1681h.* In addition, based on the record, plaintiff cannot meet the elements of negligent misrepresentation. In Illinois, these elements are:

>    1. defendant's duty to communicate accurate information,
>    2. a false statement of material fact,
>    3. defendant's carelessness or negligence in ascertaining the truth or falsity of the statement,
>    4. defendant's intent to induce the other party to act,
>    5. plaintiff's reliance on the false statement, and
>    6. plaintiff's damages resulting from that reliance.

*Orix Credit Alliance, Inc., v. Taylor Machine Works, Inc.*, 125 F.3d 468, 475 n.2 (7th Cir. 1998). Here, again, plaintiff cannot show that defendant made a false statement of material fact because he has admitted that the check was counterfeit, and that it therefore was an irregular transaction as accurately reported by defendant. In addition, negligence claims that cause purely economic losses are barred by the economic loss doctrine. *Prime Leasing, Inc. v. Kendig*, 773 N.E.2d 84, 94 (Ill. App. Ct. 1st Dist. 2002) (*quoting Nepomoceno v. Knights of Columbus*, No. 96 C 4789, 1999 WL 66570, at *11 (N.D. Ill. Feb. 8, 1999) ("'In a nutshell, [the economic loss] doctrine bars a plaintiff from recovering in negligence for losses which are purely economic, that is, [that] do not involve personal injury or property damage'")). Although plaintiff claims damage to his reputation, damage to a person's reputation is an "economic" loss rather than a "personal injury." *Cloverhill Pastry-Vend. Corp., v. Continental Carbonics Prod. Inc.*, 574 N. E.2d 80, 83 (Ill. App. Ct. 1st Dist. 1991). For the above reasons, defendant is entitled to summary judgment on plaintiff's negligent misrepresentation claim.

## IV.   Summary.

Plaintiff's amended complaint (Doc. 59) is **STRICKEN**. Defendant's motion for summary judgment (Doc. 37) is **GRANTED**. All other pending motions are **MOOT**. This action is **DISMISSED WITH PREJUDICE.** A separate Judgment shall accompany this Order.

**IT IS SO ORDERED.**
**DATED: January 31, 2007.**

*s/J. Phil Gilbert*
**DISTRICT JUDGE**